UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:17-cr-00074-JAW |
| | ) | |
| TRAVIS J. STINSON | ) | |

**ORDER ON MOTION TO ADJUST RESTITUTION**

A defendant with a restitution judgment of $3,657 for theft of a firearm and possession of a firearm by a felon moves for the Court to reduce his monthly restitution payment from $83 per month to $25 every three months. The Court denies the defendant's motion because the Court does not have the authority to modify the defendant's restitution judgment as requested.

## I. PROCEDURAL HISTORY

On July 21, 2017, Travis Stinson waived indictment and pleaded guilty to a two-count information alleging one count of theft of firearms from a licensed firearms dealer in violation of 18 U.S.C. § 922(u), and one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). *Waiver of Indictment* (ECF No. 3); *Information* (ECF No. 4); *Min. Entry* (ECF No. 9). On April 25, 2018, the Court sentenced Mr. Stinson to ninety-months imprisonment on each count, to be served concurrently, three years of supervised release, also to be served concurrently, a $200 special assessment, and payment of restitution in the amount of $3,657. *Min Entry* (ECF No. 41); *J.* at 2-3, 6 (ECF No. 45) (*J.*).

Regarding restitution and the special assessments, the judgment provides:

> Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:
>
> A. Lump sum payment of $3,857 due immediately, balance due[.]
>
> Any amount the defendant is unable to pay now is due and payable during the term of incarceration. Upon release from incarceration, any remaining balance shall be paid in monthly installments, to be initially determined in amount by the supervising officer. Said payments are to be made during the period of supervised release subject always to review by the sentencing judge subject upon request by either the defendant or the government.

*J.* at 7.

On December 15, 2020, while incarcerated, Mr. Stinson entered the Inmate Financial Responsibility Program (IFRP) with the Bureau of Prisons (BOP) requiring him to pay $25 every three months towards his restitution obligations beginning March 2021. *Gov't's Resp. in Opp'n to Def.'s Mot. to Adjust Restitution Order* (ECF No. 66) (*Gov't's Opp'n*)., Attach. 1, *Inmate Financial Plan* at 1-2 (*First IFRP*). On March 16, 2022, Mr. Stinson signed a new IFRP with the BOP requiring him to pay $83 monthly beginning in April 2022. *Gov't's Opp'n*, Attach. 2, *Inmate Financial Plan* at 1-2 (*Second IFRP*). On March 23, 2022, Mr. Stinson filed a motion with this Court to adjust his restitution order. *Mot. to Adjust Restitution Order* (ECF No. 64) (*Def.'s Mot.*). On April 13, 2022, the Government responded in opposition to Mr. Stinson's motion. *Gov't's Opp'n*.

## II. THE PARTIES' POSITIONS

### A. Travis Stinson's Motion

In his motion to adjust his restitution order Mr. Stinson explains that he has thus far "been able to pay . . . [his] $200.00 court assessment fees and a few payments

towards [his] restitution" but that "[s]ince the COVID outbreak [his] family has had some hardships and [he] will have a hard time paying monthly payments until [he is] released." *Def.'s Mot.* at 1. As a result, he is "asking the court to allow [him] to pay the minimum $25.00 every 3 months until [he is] released." *Id.* He submits that "as soon as [he] get[s] employment while on supervision [he] will pay off [his restitution] as fast as possible." *Id.*

**B. The Government's Opposition**

In opposition the Government first argues that Mr. Stinson's motion to change his restitution payments (presumably back to the payment arrangement made in his First IFRP) is a "[m]otion challeng[ing] the BOP's administration of the IFRP," *Gov't's Opp'n* at 2, and that "such a challenge must be brought as a habeas petition pursuant to 28 U.S.C. § 2241 in the district in which the defendant is incarcerated." *Id.* at 2-3 (quoting *United States v. Fenton*, 577 F. Supp. 2d 458, 459 (D. Me. 2008)).

Second, the Government proffers that the Court's "judgment imposing restitution cannot be amended pursuant to the Federal Rules of Criminal Procedure" because "[s]ubject to certain narrow exceptions, [Mr. Stinson's] restitution obligation constitutes a final judgment." *Id.* at 3. In particular, the Government contends that Mr. Stinson has failed to allege any of the exceptions enumerated in Rule 35(a) and no other rule applies, and the other "circumscribed procedural avenues under which the Court could amend the Judgment are absent from this case." *Id.* at 3-4.

Third, the Government argues that the Court cannot correct or modify Mr. Stinson's restitution obligation under 18 U.S.C. § 3664(o)(1)(A)-(B) "because such relief is time-barred by several years," nor has Mr. Stinson met the statutory

requirements for amendment under § 3664(o)(1)(C). *Id.* at 5-6. Furthermore, the Government contends that the § 3664(o)(1)(D) "material change" provision does not apply because that statute does "not allow a final criminal judgment to be amended in order to 'adjust' restitution ordered by the Court until after release from incarceration, which is what Defendant requests here." *Id.* at 6-7. The statutory provision instead only allows a court to adjust its own payment schedule, which the Government contends is nonexistent in this case because "[t]he Judgment itself simply ordered that any amount Defendant was unable to pay immediately was due and payable during his term of incarceration." *Id.* at 7. The Government asserts that "[t]o the extent the Motion seeks modification of how Defendant's payments are scheduled during his imprisonment . . . such a request would similarly fail because Defendant has not met his evidentiary burden," *id.*, as he has not offered any "proof regarding his financial status or current income." *Id.* (quoting *United States v. Hill*, No. 98-3709, 1999 U.S. App. LEXIS 24348, at *1 (6th Cir. Sept. 28, 1999)).

Finally, the Government says that "18 U.S.C. § 3613A does not authorize amendment or reduction of the amount of restitution ordered by the Court at sentencing." *Id.* The Government asserts that this statute is intended to ensure the defendant pays restitution "rather than a mechanism for Defendant to challenge restitution." *Id.* at 8.

## III. DISCUSSION

Mr. Stinson asks that the Court alter his restitution award so that he may return to his prior payment schedule of paying $25 towards his restitution every three

months. Unfortunately, the Court cannot do what Mr. Stinson asks it to do. Mr. Stinson's request is a challenge to the execution of his sentence which is not properly before this Court because Mr. Stinson has not exhausted his administrative remedies and the Court does not have jurisdiction.

In *Bramson v. Winn*, 136 F. App'x 380 (1st Cir. 2005), the First Circuit explained that the BOP "may not set the timing and amount of [a defendant's] restitution and fine payments through the [IFRP] without submitting any such plan to the sentencing court for its approval." *Id.* at 381. The basis for this rule is that "district courts may not delegate to probation or the [BOP] designation of the timing and amount of court-ordered payments." *Id.* However, where a district court "orders the restitution 'due immediately,' then the [c]ourt is not 'delegat[ing] the setting of payment schedules to . . . the [BOP].'" *United States v. Reeves*, No. 1:05-cr-0047, 2015 U.S. Dist. LEXIS 13657, at *10 (D. Me. Feb. 4, 2015) (quoting *Bramson*, 136 F. App'x at 381). In such a circumstance, "[b]y imposing restitution and making it due immediately, the court, not the [BOP], set the amount due and the schedule to be met." *Id.* (quoting *States v. Marston*, No. 09-cr-95-1-SM, 2012 U.S. Dist. LEXIS 122607, at *2 (D.N.H. Aug. 29, 2012)). Because there is no improper delegation when the district court requires restitution to be "due immediately," the BOP may then "us[e] the IFRP to collect [the defendant's] court-ordered payments." *Bramson*, 136 F. App'x at 381 (citing *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) (holding that restitution payments through the IFRP are permissible when a defendant is ordered to immediately pay restitution in full); *see also Marston*, 2012 U.S. Dist.

LEXIS 12607, at *2 ("[I]t is clear that the Bureau may administer collection of such payments through the IFRP when a sentencing court has, as in this case, ordered immediate payment").

Here, the Court directed Mr. Stinson, in its final Judgment, to make a "[l]ump sum payment of $3,857.00 due immediately" and that "[a]ny amount the defendant is unable to pay now is due and payable during the term of incarceration. Upon release from incarceration, any remaining balance shall be paid in monthly installments, to be initially determined in amount by the supervising officer." *J.* at 7. The Court notably did not impose a weekly, monthly, or quarterly payment schedule. Because the Court ordered payment in full, it was permissible for Mr. Stinson to then enter the IFRP for the collection of payments due. *See* 28 C.F.R. §§ 545.10-.11; *First IFRP* at 1-2*; Second IFRP* at 1-2.

Importantly, Mr. Stinson does not contest the Court's Judgment that he immediately pay $3,857 in restitution. Instead, he contests the payment schedule set forth in the BOP's IFRP, which the Court did not impose and which the Court has no authority or jurisdiction to modify. *See United States v. Reeves*, No. 1:05-cr-00047-JAW, 2015 U.S. Dist. LEXIS 13657, at *10-11 (D. Me. Feb. 4, 2015)). Because the Court did not order the schedule of payments Mr. Stinson now contests, the Court cannot change a payment schedule order it did not make.

Mr. Stinson's confusion as to whether this Court has the authority to modify his payment schedule is understandable, since this Court, not the BOP, ordered payment of the restitution and criminal monetary penalty. However,

counterintuitively, Mr. Stinson's request to modify his payment schedule while he is incarcerated should be made to the BOP, not this Court. Once Mr. Stinson is released from incarceration and begins supervised release, as the judgment states, this Court resumes its authority to modify the schedule of payments set by the supervising officer.

Upon reflection, this scheme makes sense because Mr. Stinson entered into the IFRP payment scheme with the BOP, not this Court, and therefore any changes to the IFRP payment scheme should be made first through the BOP. In other words, as Mr. Stinson and the BOP fixed the current payment scheme, he must first exhaust his administrative remedies within the BOP before seeking a judicial ruling.

Moreover, if he exhausts his administrative remedies, Mr. Stinson's motion to modify his IFRP payments would be a challenge to the execution of his sentence, which must be brought as a habeas corpus petition. As the Court explained in *Harrison*, "[i]f [Mr. Stinson] wishes to challenge the BOP's calculation [of his IFRP payments], he would 'first be required to exhaust his administrative remedies and, if not satisfied, any court challenge 'must be brought as a habeas petition pursuant to 28 U.S.C. § 2241 in the district in which the defendant is incarcerated.'" *Id.* at *7 (quoting *Reeves*, 2015 U.S. Dist. LEXIS 13657, at *11); *see United States v. Ellis*, No. 1:09-cr-00103-JAW, 2016 U.S. Dist. LEXIS 21982, at *3-4 (D. Me. Feb. 23, 2016) ("As the BOP has the authority to administer the IFRP . . . [the defendant] must first administratively challenge the BOP calculation").

Mr. Stinson is currently incarcerated at the Federal Correctional Institution in Berlin, New Hampshire. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited May 27, 2022). In sum, the Court does not have jurisdiction to alter Mr. Stinson's IFRP payment schedule; Mr. Stinson's claim of relief does not rest with this Court, but initially with the BOP and, if necessary, with the United States District Court for the District of New Hampshire.

Finally, the Court appreciates Mr. Stinson's statements about his efforts to improve himself during his incarceration by taking "educational, religious, drug treatment and vocational training programs to help prepare [himself] for when [he is] released next year." *Def.'s Mot.* at 1-2. In his motion. Mr. Stinson acknowledges that he made "bad choices" that resulted in his incarceration and he expressed his determination to make a successful life for himself and his three daughters upon release. *Id.* at 1. The Court is much encouraged by Mr. Stinson's statements and wishes him well.

## IV. CONCLUSION

The Court DISMISSES without prejudice Mr. Stinson's Motion to Adjust Restitution (ECF No. 64).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR
UNITED STATES DISTRICT JUDGE

Dated this 31st day of May, 2022